# 95 DTA 101

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

EL PUEBLO DE PUERTO RICO
Apelado

v.

LUIS I. SOTO RODRIGUEZ
ANA DEL CARMEN ROSADO
Apelantes

Núm. KLAN-95-00058

San Juan, Puerto Rico, a 4 de mayo de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Arbona Lago, Juez Ponente

### TEXTO COMPLETO DE LA SENTENCIA

El 9 de noviembre de 1993 se presentó denuncia contra Luis I. Soto Rodríguez y Ana del

Carmen Rosado Soto por el delito de difamación contra la persona de los señores Dennis Soto Martínez y Moisés Molina Echevarría. El 9 de febrero de 1994 se celebró el juicio en su fondo en el Tribunal de Distrito, Sala de Lares (Roberto L. Martínez Pomales, J.) encontrándose a los acusados culpables del delito de difamación e imponiéndosele una multa de $200.00. El 18 de febrero de 1994 se presentó escrito de Apelación en el que se hicieron tres señalamientos de error▮ a saber:

*"1. ERRO EL TRIBUNAL EN LA APRECIACION DE LA PRUEBA, YA QUE LA MISMA NO REBAZO EL "QUANTUM" [sic] DE PRUEBA NECESARIO PARA DERROTAR LA "PRESUNCION DE INOCENCIA", DERECHO CONSTITUCIONAL QUE LE ASISTE, COBIJA AL IMPUTADO EN TODO MOMENTO.*

*2. LAS PALABRAS VERTIDAS, DE HABER SIDO CIERTAS OBJETIVAMENTE HABLANDO, DADA LA NATURALEZA DE LOS HECHOS, CONDICIONES FISICAS Y SOCIALES EN QUE VIVEN LAS PARTES, NO CONSTITUYEN PRUEBA NI BASE PARA LA CONVICCION.*

*3. CUALESQUIERA OTROS QUE EN DERECHO PROCEDA."*

# I

Examinemos los méritos del primer error señalado. El Art. II sec. 11 de la Constitución de Puerto Rico garantiza al acusado la presunción de inocencia. En virtud de esta garantía constitucional el *"quántum"* de prueba requerido es aquél que pruebe más allá de toda duda razonable que el acusado, en efecto, incurrió en conducta que configura los elementos del delito que se le imputa. En el caso que nos ocupa los acusados enfrentaban cargos por difamación al amparo del Artículo 118 del Código Penal, 33 L.P.R.A. sec.4101 el cual dispone:

*"Toda persona que maliciosamente a través de cualquier medio, o de cualquier modo, públicamente deshonrare, o desacreditare, o imputare la comisión de hecho constitutivo de delito o impugnare la honradez, integridad, virtud o buena fama de cualquier persona, natural o jurídica, o denigrare la memoria de un difunto, será sancionada con pena de reclusión por un término que no excederá de seis meses, pena de multa que no excederá de quinientos (500) dólares, pena de restitución, o cualquier combinación de éstas, a discreción del tribunal".*

Surge del expediente que el Sr. Dennis Soto Martínez estuvo casado con la Sra. Wilma Soto Rosado Q.E.P.D. y que figura como parte demandante en una acción por daños y perjuicios por la muerte de su esposa contra el Dr. Juan J. Garrastegui. El 5 de octubre de 1993 el Sr. Soto Rodríguez y su esposa la Sra. Rosado Soto (padres de Wilma Soto Rosado) suscribieron una declaración jurada, la cual fue notarizada por el Lcdo. Ramírez Acevedo y presentada por la Lcda. Sigrid López González junto a una *"Moción Solicitando Suspensión Ante Nueva Evidencia"* en el caso contra el Dr. Garrastegui, caso Civil CS92-675. Mediante la *"Moción"* de referencia, se estableció que el propósito de la declaración jurada era dejarle saber al abogado del demandado que lo que manifestaba el Sr. Dennis Soto Martínez con relación a su difunta esposa no era cierto. El segundo inciso de la declaración jurada expresa:

*"Que tengo fundadas sospechas de que en la muerte de mi hija, Wilma Soto Rosado quien falleciera en el Centro Médico de Río Piedras el día 10 de agosto de 1991 hubiera mano criminal ya que el esposo [Dennis Soto Martínez] en repetidas ocasiones le había dado golpes y tenía un amigo que según la información que tengo es homosexual de nombre Moisés Molina Echevarría, según el decir de la gente en el Barrio a quien mi hija en varias ocasiones también tuvo que botar de su casa ya que la relación tan estrecha del esposo de mi hija, Danny Soto Martínez que [sic] su amigo Moisés Molina Echevarría era tan estrecha*

*que él el [sic] había dicho a mi hija que antes de el romper su amistad que [sic] su amigo ella tenía que irse de la casa. "*

La veracidad de estas expresiones no se probó, lo que hubiera constituido defensa de acuerdo a lo dispuesto por el Artículo 119 del Código Penal,█ 33 LPRA sec. 4102. Siendo así, y sin dudas en cuanto al hecho de que la información intencionalmente vertida fue publicada, si no tan pronto como fue notarizada, entonces cuando se le hizo llegar la misma a la Lcda. López González, es preciso analizar el alcance de las expresiones vertidas. El criterio para ello es atender el significado de las mismas en el lenguaje común y corriente que tienen en Puerto Rico las palabras empleadas. *Pueblo v. Rodríguez Hernández,* 86 D.P.R. 660 (1962).

Una lectura integrada de las expresiones citadas, permite concluir que las mismas son imputaciones que afectan la integridad de los perjudicados. Esto es así, toda vez que no existe discrepancia en cuanto al descrédito que se produce en la imagen ante el resto de la sociedad, de aquél sobre quien se insinúa existen sospechas de que pudo ser la *"mano criminal"* en la muerte de otro ser humano. Tampoco podemos abstraernos del significado, que afin en el Puerto Rico de hoy, se le atribuye a un señalamiento sobre una estrecha amistad entre dos personas del mismo sexo, donde a uno se le señala con preferencias homosexuales y al otro con un aprecio tal por dicha amistad que estuvo dispuesto, en aras de conservar esa amistad, a poner en peligro la estabilidad de su matrimonio. No cabe duda de que tales expresiones vistas en conjunto, tienden a desvirtuar la percepción que de la persona de los perjudicados se pueda tener. Entendemos que el primer error señalado no fue cometido.

En cuanto al segundo error planteado el mismo no fue argumentado por el apelante, razón por la cual lo entendemos renunciado y no lo consideramos. *Pueblo v. Rivera Rodríguez,* 123 D.P.R. 467, 469 (1989).

En consideración de lo anteriormente expuesto, se desestima el recurso de apelación de epígrafe y se confirma la sentencia que declaró culpables del delito de difamación a los acusados Luis I. Soto Rodríguez y Ana del Carmen Rosado Soto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

**ESCOLIOS 95 DTA 101**

**1.** A la fecha en que entró en vigor la Ley de la Judicatura de 1994 dicha Apelación estaba pendiente ante el Tribunal de Primera Instancia, Sala Superior de Utuado, razón por la cual nos fue remitida para disposición.

**2.** Dicho Artículo establece que:

*"En los procesos por difamación la verdad constituirá defensa y deberá absolverse al acusado siempre que se probare la verdad del hecho imputado, la sana intención y los fines justificables del acusado. "*